**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
ELISHEVA BLESOFSKY, As Parent and Natural Guardian of S.Z.B., an infant, and ELISHEVA BLESOFSKY and HILLEL BLESOFSKY, Individually,

                    Plaintiffs

               -against-

YISROEL A. NATIK, CONGREGATION OHR MENACHEM (D/B/A YESHIVAS TOMCHEI TMIMIM POCONOS), OHR MENACHEM, INC., YESHIVA GEDOLA LUBABVITCH FOREST HILLS, and JOHN AND JANE DOES 1-10,

                    Defendants
---------------------------------------------------------------X

**CIVIL ACTION NO.:**

**COMPLAINT**

**JURY DEMAND**

## PLAINTIFF'S COMPLAINT

1. Plaintiffs ELISHEVA BLESOFSKY, As Parent and Natural Guardian of S.Z.B., an infant, and ELISHEVA BLESOFSKY and HILLEL BLESOFSKY, Individually, bring this action against Defendants YISROEL A. NATIK, CONGREGATION OHR MENACHEM (D/B/A YESHIVAS TOMCHEI TMIMIM POCONOS), OHR MENACHEM, INC., YESHIVA GEDOLA LUBABVITCH FOREST HILLS, and JOHN AND JANE DOES 1-10. The Plaintiffs asserts claims herein, upon information and belief, against all Defendants, their agents, servants and/or employees, jointly, severally, or in the alternative.

## INTRODUCTION

2. This is a personal injury action arising out of the Defendants' negligent operation of a motor vehicle during school related activities.

3. Specifically, upon information and belief, on February 13, 2023, Defendant Natik was negligently operating a motor vehicle owned or operated by Defendants CONGREGATION

OHR MENACHEM (D/B/A YESHIVAS TOMCHEI TMIMIM POCONOS), OHR MENACHEM, INC., YESHIVA GEDOLA LUBABVITCH FOREST HILLS, and JOHN AND JANE DOES 1-10, on Interstate 80 in Hope Township, New Jersey.

4. As a direct and proximate result of the Defendants' negligence, the infant-Plaintiff, S.Z.B., was caused severe and permanent physical injuries.

## PARTIES

5. Plaintiffs, ELISHEVA BLESOFSKY, As Parent and Natural Guardian of S.Z.B., an infant, and ELISHEVA BLESOFSKY and HILLEL BLESOFSKY, Individually, are citizens of the United Kingdom.

6. The Plaintiff, ELISHEVA BLESOFSKY, is the mother and natural guardian of S.Z.B., an infant.

7. The Plaintiff, HILLEL BLESOFSKY, is the father and natural guardian of S.Z.B., an infant.

8. The Defendant, YISROEL A. NATIK, is a resident of the State of New York.

9. The Defendants, CONGREGATION OHR MENACHEM (D/B/A YESHIVAS TOMCHEI TMIMIM POCONOS), and OHR MENACHEM, INC., are domestic corporations duly incorporated and with their principal place of business in the State of New York, with an address at 1729 President Street, Brooklyn, NY 11213, and operate a religious school located at 180 Glenmere Rd. Canadensis, PA, 18325.

10. The Defendant YESHIVA GEDOLA LUBABVITCH FOREST HILLS is a domestic corporation duly incorporated and with its principal place of business in the State of New York, with an address at 92-15 69th Ave, Queens, NY 11375.

11. Defendant JOHN AND JANE DOES 1-10 is the owner and/or operator of the

subject vehicle, specifically the 2019 Ford T-350 with PA license plate LJK7810, which was involved in the subject motor vehicle collision.

## JURISDICTION AND VENUE

12. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (a) the matter in controversy exceeds $75,000, and (b) there is complete diversity of citizenship between Plaintiffs and the Defendant.

13. The Court has jurisdiction over each Defendant because each Defendant is either a resident and citizen of New York and/or has continuing minimum contacts with the State of New York, or is doing business and is engaged in substantial activity within New York, or has committed torts and committed acts or omissions in New York, which resulted in personal injuries in New York, at a time when solicitations or services were carried on within New York, by or on behalf of these Defendants.

14. Plaintiffs are citizens of the United Kingdom by virtue of their residence there. Defendants are citizens of the State of New York by virtue of their residence, incorporation, and/or principal place of business.

15. Venue is proper under 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), and 1391(c)(2) because the Defendants reside in this judicial district.

## COUNT ONE

### (Negligence)

16. On or about February 13, 2023, the Plaintiff S.Z.B., AN INFANT, was a student of Defendants' school, Yeshivas Tomchei Tmimim Poconos, located in Pennsylvania.

17. That at all times herein mentioned, the Plaintiff S.Z.B., AN INFANT, was under the care, custody, and supervision of Defendants CONGREGATION OHR MENACHEM (D/B/A

{00077096}

YESHIVAS TOMCHEI TMIMIM POCONOS), OHR MENACHEM, INC., YESHIVA GEDOLA LUBABVITCH FOREST HILLS, and JOHN AND JANE DOES 1-10.

18. On or about February 13, 2023, the Plaintiff S.Z.B., an infant, was being driven back to the Pennsylvania school after a school trip to religious sites in New York State.

19. On or about February 13, 2023, the Plaintiff S.Z.B., an infant, was a passenger in the 2019 Ford T-350 with PA license plate LJK7810, owned or operated by the Defendants.

20. The subject vehicle was being operated as part of regular school activities and for the benefit of the Defendants.

21. The subject vehicle was owned and operated by the Defendants for school purposes or otherwise for the benefit of Defendants.

22. On or about February 13, 2023, Defendants CONGREGATION OHR MENACHEM (D/B/A YESHIVAS TOMCHEI TMIMIM POCONOS), OHR MENACHEM, INC., YESHIVA GEDOLA LUBABVITCH FOREST HILLS, and JOHN AND JANE DOES 1-10, were the owners of a certain automobile bearing license plate number LJK7810, and VIN#1FBAX2CM0KKA61970.

23. On or about February 13, 2023, Defendant YISROEL A. NATIK was the operator of the aforesaid automobile, bearing license plate number LJK7810, and VIN#1FBAX2CM0KKA61970.

24. On or about February 13, 2023, the automobile bearing license plate number LJK7810, and VIN#1FBAX2CM0KKA61970, was being operated by Defendant YISROEL A. NATIK with the express knowledge or consent of its owners, Defendants CONGREGATION OHR MENACHEM (D/B/A YESHIVAS TOMCHEI TMIMIM POCONOS), OHR MENACHEM, INC., YESHIVA GEDOLA LUBABVITCH FOREST HILLS, and JOHN AND

JANE DOES 1-10.

25. On or about February 13, 2023, Defendants CONGREGATION OHR MENACHEM (D/B/A YESHIVAS TOMCHEI TMIMIM POCONOS), OHR MENACHEM, INC., YESHIVA GEDOLA LUBABVITCH FOREST HILLS, and JOHN AND JANE DOES 1-10 entrusted the automobile, bearing license plate number LJK7810, and VIN#1FBAX2CM0KKA61970, to Defendant YISROEL A. NATIK.

26. On or about February 13, 2023, and at all times herein mentioned, the area of Interstate 80 westbound in the area of milepost 12.0 in Hope Township, Warren County, New Jersey, was and still is a public roadway and/or thoroughfare.

27. On or about February 13, 2023, the automobile operated by the Defendant YISROEL A. NATIK caused serious injuries to Plaintiff S.Z.B., when it crashed and drove off the road while Plaintiff S.Z.B. was a passenger in the vehicle.

28. Solely as a result of the Defendants' negligence, carelessness, and recklessness, the Plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further, that the Plaintiff was subjected to great physical pain and mental anguish.

29. The aforesaid occurrence was caused by the negligence and recklessness of the Defendants, without any culpable conduct on the part of the Plaintiff.

30. That the aforesaid occurrence was due solely by reason of the carelessness, recklessness, and negligence of the Defendants in the ownership, operation, management, maintenance, and control of Defendants' motor vehicle, in failing to keep said motor vehicle under proper and suitable control, so as to prevent same from crashing and/or driving off the road; in failing to heed and obey the applicable traffic control devices at the incident location; in operating said motor vehicle at a high and/or excessive rate of speed under the circumstances then and there

{00077096}

existing; in speeding; in failing to maintain lane position; in veering across traffic lanes; in failing to keep a proper look out; in failing to take cognizance of the traffic conditions which existed; in failing to remain alert; in failing to stop, slow down, steer, or veer so as to avoid the collision herein; in failing to make prompt and timely use of the braking, steering, and signaling mechanisms of said motor vehicle; in failing to obey the rules of the road; in failing to exercise due and required care, caution, and forbearance in the operation and control of said motor vehicle, so as to have avoided this occurrence; in operating said motor vehicle in an incompetent and unskilled manner; in failing to maintain said motor vehicle and appurtenances thereto in proper and adequate condition and repair; in that Defendants CONGREGATION OHR MENACHEM (D/B/A YESHIVAS TOMCHEI TMIMIM POCONOS), OHR MENACHEM, INC., YESHIVA GEDOLA LUBABVITCH FOREST HILLS, and JOHN AND JANE DOES 1-10, were further negligent in knowingly entrusting said motor vehicle to an unskilled, incompetent, dangerous, reckless, and careless individual, namely Defendant YISROEL A. NATIK; in that Defendants CONGREGATION OHR MENACHEM (D/B/A YESHIVAS TOMCHEI TMIMIM POCONOS), OHR MENACHEM, INC., YESHIVA GEDOLA LUBABVITCH FOREST HILLS, and JOHN AND JANE DOES 1-10, are vicariously liable for the acts and omissions of Defendant YISROEL A. NATIK, and were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use, and control of the aforesaid vehicle, and were otherwise negligent, careless and reckless in the hiring, supervision, and training of their employees.

31. That Defendants CONGREGATION OHR MENACHEM (D/B/A YESHIVAS TOMCHEI TMIMIM POCONOS), OHR MENACHEM, INC., YESHIVA GEDOLA LUBABVITCH FOREST HILLS, and JOHN AND JANE DOES 1-10, as the owners of the subject vehicle, are vicariously liable for the acts and omissions of their agent, Defendant YISROEL A.

NATIK.

32. That Defendant YISROEL A. NATIK was acting as the agent, representative, servant, or employee of Defendants CONGREGATION OHR MENACHEM (D/B/A YESHIVAS TOMCHEI TMIMIM POCONOS), OHR MENACHEM, INC., YESHIVA GEDOLA LUBABVITCH FOREST HILLS, and JOHN AND JANE DOES 1-10, while operating the vehicle.

33. That Defendant YISROEL A. NATIK was operating the vehicle for the benefit of Defendants CONGREGATION OHR MENACHEM (D/B/A YESHIVAS TOMCHEI TMIMIM POCONOS), OHR MENACHEM, INC., YESHIVA GEDOLA LUBABVITCH FOREST HILLS, and JOHN AND JANE DOES 1-10, at the time of the incident.

34. At all relevant times Defendant YISROEL A. NATIK and Defendants CONGREGATION OHR MENACHEM (D/B/A YESHIVAS TOMCHEI TMIMIM POCONOS), OHR MENACHEM, INC., YESHIVA GEDOLA LUBABVITCH FOREST HILLS, and JOHN AND JANE DOES 1-10 stood in such a relationship as to make Defendants CONGREGATION OHR MENACHEM (D/B/A YESHIVAS TOMCHEI TMIMIM POCONOS), OHR MENACHEM, INC., YESHIVA GEDOLA LUBABVITCH FOREST HILLS, and JOHN AND JANE DOES 1-10 vicariously liable for the acts and omissions of Defendant MAYERFIELD.

35. At all relevant times, Plaintiff S.Z.B. was a child entrusted to the care of Defendants and was under its supervision and control, such that the Defendants owed him a duty to act *in loco parentis* and to prevent foreseeable injuries.

36. Defendants owed Plaintiff S.Z.B. a duty to protect him from harm because Defendants' acts and omissions created a foreseeable risk of harm to him.

37. By reason of the foregoing, Defendant breached their duties to act *in loco parentis.*

38. As a result of the foregoing, the Plaintiff sustained serious personal injuries and/or

{00077096}

economic loss greater than basic economic loss as defined by the laws of the States of New York and New Jersey.

39. The limitations of Article 16 of the Civil Practice Law and Rules do not apply to this case because one or more of the exceptions to Article 16 apply to the present case, specifically CPLR 1602(2)(iv) in that defendants' liability herein arises by reason of a nondelegable duty or by reason of the doctrine of respondeat superior; CPLR 1602(6) in that defendants' liability herein arises by reason of his use, operation, or ownership of a motor vehicle; and CPLR 1602(7) in that defendants herein acted with reckless disregard for the safety of others, and in that defendants are jointly and severally liable for all economic damages which are not subject to the limitations of Article 16 of the CPLR.

40. Due to defendants' negligence, Plaintiff is entitled to damages.

41. By reason of the foregoing, Plaintiffs suffered damages in an amount in excess of $75,000 and in an amount to be determined at trial, together with costs and disbursements of this action, and with such other and further relief as the Court may deem just and proper.

42. Plaintiffs therefore seek damages in an amount in excess of $75,000 and in an amount to be determined at trial, together with costs and disbursements of this action, and with such other and further relief as the Court may deem just and proper.

## COUNT II

### PARENTAL LOSS OF SERVICES/ECONOMIC LOSS

43. Plaintiffs repeat each and every paragraph as if fully contained herein.

44. As the parents of S.Z.B., Plaintiffs ELISHEVA BLESOFSKY and HILLEL BLESOFSKY were, are, and will be entitled to the services of their child S.Z.B.

45. As a result of the foregoing, Plaintiffs ELISHEVA BLESOFSKY and HILLEL

BLESOFSKY sustained the loss of services of their son, S.Z.B. as a result of the injuries S.Z.B. sustained as described herein, and will be deprived of such services into the future and were otherwise injured, harmed and damaged.

46. That by reason of the Defendant's negligence and misconduct, Plaintiffs ELISHEVA BLESOFSKY and HILLEL BLESOFSKY's son was rendered sick, sore, and disabled and, upon information and belief, some of the injuries may be of a permanent nature; that ELISHEVA BLESOFSKY and HILLEL BLESOFSKY have been obliged to expend various sums of money for medical aid and attention on behalf of S.Z.B.

47. By reason of the foregoing, Plaintiffs suffered damages in an amount in excess of $75,000 and in an amount to be determined at trial, together with costs and disbursements of this action, and with such other and further relief as the Court may deem just and proper.

48. Plaintiffs therefore seek damages in an amount in excess of $75,000 and in an amount to be determined at trial, together with costs and disbursements of this action, and with such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby invoke their right to a trial by jury as to all counts and issues pled against the Defendants in this case.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, in an amount to be determined at trial of this matter, which exceeds $75,000.00 on each Cause of Action, together with the costs and disbursements of this action, and for such other and further relief as the Court herein deems just and proper.

Dated:   New York, New York
         May 4, 2023                    Yours, etc.

{00077096}

PHILLIPS & PAOLICELLI, LLP

By: *Yitzchak M. Fogel*
      Yitzchak M. Fogel (YF-7186)
      Attorneys for Plaintiff
      747 Third Avenue, 6th Floor
      New York, New York 10017
      (212) 388 - 5100

{00077096}